IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOESTILLES DEMARCO BROOKS,

          Movant,

v.                                          CIVIL ACTION NO. 3:05-0163
                                          (Criminal No. 3:02-00092)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Joestilles DeMarco Brooks's ("Petitioner") motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, the Proposed Findings and Recommendations of the Magistrate Judge, and Petitioner's objections thereto. For the reasons stated below, the Magistrate Judge's Proposed Findings and Recommendations are **ADOPTED**, Petitioner's objections are **DENIED**, and Petitioner's motion is **DISMISSED**.

**I.**      **Background and Procedural History**

Petitioner was convicted on June 13, 2002 under a single-count indictment for conspiring, from at least early 2000 to on or about April 16, 2002, to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. After a full trial, a jury found Petitioner guilty of the offense on October 18, 2002. This Court sentenced Petitioner on January 13, 2003 to a 360-month term of imprisonment and a five-year term of supervised release. On July 9, 2008 the Court granted Petitioner's request for retroactive application of the newly-modified Sentencing Guidelines with respect to cocaine base pursuant to 18 U.S.C. § 3582(c)(2), and reduced his sentenced from 360 months to 270 months.

On February 23, 2005, Petitioner filed a motion collaterally attacking his conviction under 28 U.S.C. § 2255. In his motion, he specifies various statutory and constitutional grounds of alleged error that occurred during his trial. Magistrate Judge R. Clark VanDervort submitted Proposed Findings and Recommendations as to each ground on February 15, 2011. The Magistrate Judge recommends complete dismissal of Petitioner's motion. On March 9, 2011, Petitioner filed an objection to the Proposed Findings on ground (G), which relates to his allegation that his trial counsel was ineffective for failing to request an instruction that would have informed the jury that it could have acquitted him if it found that he had only a buyer-seller relationship with many of the alleged members of the conspiracy (a "buyer-seller" instruction). Inasmuch as the Magistrate Judge has thoroughly and adequately detailed the facts and procedural history in this case, this Court addresses only those facts that are relevant to Petitioner's objection.

## II. Discussion

This Court's review of the Magistrate Judge's Proposed Findings and Recommendations to which Petitioner objects is *de novo*. 28 U.S.C. § 636(b)(1). 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Petitioner is "[a] prisoner in custody under sentence of a court established by Act of Congress" who claims that his sentence was imposed in violation of the Constitution. *Id.* To the extent that Petitioner seeks relief for any claims based on *non*-constitutional grounds, he must

establish an error that amounted to a "fundamental defect which inherently result[ed] in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

As noted, Petitioner objects to the Magistrate Judge's findings with respect to ground (G) of his 2255 motion where he claimed, based upon testimony offered by the government's trial witnesses, that a buyer-seller jury instruction should have been given to the jury. Because his attorney did not offer such an instruction, Petitioner claims that his counsel was ineffective under the standards established by *Strickland v. Washington*, 466 U.S. 668 (1984).

The Sixth Amendment guarantees that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. If an attorney's performance falls below a certain minimum level of professional competence, it may violate an accused's right to effective representation. *See Strickland*, 466 U.S. at 685.

The Supreme Court continues to endorse the familiar two-part *Strickland* test for determining when an attorney's performance violates an individual's Sixth Amendment right to effective representation. *See id.* at 687. The first prong of *Strickland* requires the petitioner to show that his attorney committed an error that fell below a reasonable standard for professional competence. *See id.* The reasonableness standard is an objective inquiry, which contemplates a wide range of acceptable and professional representation. *See id.* at 689. The second prong of the test requires the petitioner to show that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In all cases, however, "[j]udicial scrutiny of counsel's performance must be highly deferential" and courts must try to avoid retrospectively critical evaluations of counsel's decisions. *Id.* at 689.

### A.     Conduct

In determining whether counsel's performance was deficient under the first prong of the *Strickland* test, the petitioner must show that counsel's performance fell below an objective standard of reasonableness when considering all of the circumstances involved. *Id.* at 689. The court must avoid reevaluating strategic decisions, even if they were unsuccessful in retrospect. *Id.* The effects of hindsight, to be sure, can distort the value of a decision that may have seemed rational, and even compelling, at the time it was made. *See id.*

A defendant is entitled to any instruction explaining his defense theory if the evidence at trial supports the instruction. *See Matthews v. United States*, 485 U.S. 58, 63 (1988). The Magistrate Judge's essential finding on this issue was as follows:

> In *United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008), *cert. denied*, ___ U.S. ___, 129 S. Ct. 663, 172 L.Ed.2d 637 (2008), the Fourth Circuit stated that "[e]vidence of a 'buy-sell transaction . . . coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators." *United States v. Mills*, 995 F.2d 480, 485 fn. 1 (4th Cir. 1993). . . . Thus, a buyer/seller instruction should not be given when there is evidence of multiple drug transactions and distributable quantities of drugs as there was in [Petitioner's] case.

Prop. Findings and Recommendation 16-17, No. 120. The evidence to which the Magistrate Judge refers includes evidence of several drug transactions involving Petitioner. At trial, various witnesses testified that Petitioner had sold controlled substances to them for later resale, and agreed to jointly participate in an illegal distribution venture.

"To violate 21 U.S.C. § 846, there need only be proof the conspirators agreed to jointly undertake prohibited conduct, not to do so with a specific drug amount in mind." *United States v. Mills*, 995 F.2d at 484. The "gravamen of the crime of conspiracy is an agreement to effectuate a

criminal act[,]" *United States v. Laughman*, 618 F.2d 1067, 1074 (4th Cir. 1980), and the existence of a conspiratorial agreement may be inferred from the facts and circumstances of the individual case. *Id.*

Petitioner intimates first that the evidence at trial was insufficient to show that there was an *agreement* between him and the government's witnesses to distribute fifty grams or more of cocaine base. He contends that mere "knowledge" of what an individual will do with illegal contraband—even if it is unlawful—is not sufficient to infer a shared purpose. In any event, however, he argues that he had the right to present a buyer-seller jury instruction because the evidence clearly supported it. Thus, he submits, his counsel was ineffective for failing to offer this instruction because its omission was solely attributable to his "ignorance of the law." Petitioner's arguments are unpersuasive.

First, the evidence in this case was more than adequate to support the finding that Petitioner entered into an agreement to effectuate the criminal act charged in the indictment with more than one other person. The entire trial record is riddled with testimony from Petitioner's co-conspirators testifying to this effect. *See United States v. Brooks*, No. 3:02-cr-00092-1, at 147-48 (S.D. W. Va. Feb. 20, 2003) (trial transcript; testimony of David Gue) (noting that he purchased crack cocaine from the defendant over fifty times, and that the defendant asked if he could "come up with some money to throw in . . . with him where he could go somewhere and purchase a larger amount, to buy more and to make more"); *id.* at 166 (testimony of Ebony Sturkey) (noting that her boyfriend, Charles King, sold drugs at the direction of the defendant on several occasions); *id.* at 215, 218-19 (testimony of William Kraft) (testifying that the defendant would "front" him crack cocaine if he did not have the funds to purchase it, and noting that the defendant used his home as a place where

people in the community could buy crack cocaine).

The Court further agrees with the Magistrate Judge that Petitioner has failed to meet his burden to show that counsel was ineffective for failing to offer the buyer-seller instruction. Petitioner is correct that he was entitled to jury instructions that would present a potentially favorable defense. *See Matthews*, 485 U.S. at 63. But the mere fact that Petitioner may have been technically *entitled* to such an instruction based on the evidence does not at all imply that it was good trial strategy to seek one. As the Magistrate Judge noted, Petitioner continuously maintained that he was not a drug dealer, and testified that he did not sell drugs to the witnesses who testified to the contrary. A buyer-seller instruction could have reasonably diverted the jury's attention away from Petitioner's own defense. Accordingly, he has not shown that it was unreasonable for his attorney not to seek such an instruction, and the record does not show a glaring defect in counsel's conduct.

### B. Prejudice

The Magistrate Judge did not address the prejudice prong of *Strickland*, but this Court believes it necessary to do as much. Under this prong, the Petitioner must show that there is a reasonable probability, but for his counsel's failure to request a buyer-seller instruction, that the jury's verdict would have been different. *See Strickland*, 466 U.S. at 694. The inquiry, to be sure, need not establish that the result would have conclusively been different; it must establish only that counsel's conduct was "sufficient to undermine confidence in the outcome." *Id.*

Petitioner concedes the speculative nature of the prejudice inquiry, but argues that the evidence in his case was not so overwhelming that the outcome of trial was a "foregone conclusion." In that vein, he contends that a buyer-seller instruction would have given the jury a powerful reason

to acquit him because, at the most, the jury would have taken the evidence to support a conclusion that he had sold drugs only with general knowledge that the buyers might later redistribute them. As most of the government's witnesses were cooperating former drug addicts, the jury could have both determined their testimony to lack credibility, and inferred that there was no express or implied agreement between them and Petitioner to engage in a crack cocaine distribution enterprise.

In drug conspiracy cases, the government would have a difficult time finding perfect witnesses. The type of individuals traditionally involved in the conduct constituting a drug conspiracy are not often the most untarnished members of society. But that does not mean that a jury must disregard their testimony if it believes it to be truthful. Counsel in this case thoroughly cross-examined each of the government's witnesses on their credibility, but the jury nonetheless found their testimony credible. It was entitled to do so.

The Court further does not find persuasive Petitioner's contention that the evidence of conspiracy was not overwhelming in this case. The inference that Petitioner was guilty of conspiracy as charged in the indictment was not only arguable, it was more than reasonable. This Court has already chronicled that evidence in this opinion, and the Magistrate Judge has extensively addressed it in his Proposed Findings. On balance, the Court does not believe that it is "more likely than not" that the jury would have found reasonable doubt on the conspiracy charge had counsel requested a buyer-seller instruction.

### C. Disposition and Certificate of Appealability

After a review of the record, the Court **DENIES** Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed on February 23, 2005 [Doc. 97], and Petitioner's objection to the Proposed Findings and Recommendation. [Doc. 122]

The Court fully **ADOPTS** the Proposed Findings and Recommendation, and **DISMISSES** the Petitioner's Motion.

The court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

### III.    Conclusion

For reasons already noted, the Magistrate Judge's Proposed Findings and Recommendations are **ADOPTED**, Petitioner's objection is **DENIED**, and Petitioner's Motion is **DISMISSED**. The Court further **DENIES** a certificate of appealability in this matter.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:    March 18, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE