IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOESTILLES DEMARCO BROOKS,

        Defendant/Petitioner,

v.                                    CRIMINAL ACTION NO. 3:02-00092
                                         (CIVIL NO. 3:05-0163)

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

        Pending before the Court is Defendant/Petitioner Joestilles Demarco Brooks' *pro se* Objections to the Magistrate Judge's Proposed Findings and Recommendation. ECF No. 153. In his Objections, Mr. Brooks asserts that the Magistrate Judge improperly construed his motion as a successive petition under 28 U.S.C. § 2255, rather than a motion under Rules 60(b) and 15(c) of the Federal Rules of Civil Procedure.  Mr. Brooks contends his current claims should be considered under Rules 60(b) and 15(c) because he is asking this Court to reconsider its 2011 denial of his original § 2255 Petition.  Mr. Brooks specifically argues that, in light of recent case law, he was denied ineffective assistance at trial and that he is entitled to an evidentiary hearing.

        Upon *de novo* review, the Court finds the Magistrate Judge correctly considered Mr. Brooks' motion as a collateral attack on his conviction and sentence under § 2255 and his request for an evidentiary hearing is so intertwined with his collateral attack that it cannot be considered a motion under Rule 60(b).  Moreover, as found by the Magistrate Judge, even if it were a Rule 60(b) motion, the motion would be denied as being untimely because it was filed two and one-half years after this Court's 2011 ruling.

Accordingly, for these and the other reasons set forth in the Proposed Findings and Recommendations of the Magistrate Judge, the Court **DENIES** Mr. Brooks' Objections. ECF No. 153. The Court further **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendations, **DENIES**, Mr. Brooks' motion, and **DISMISSES, WITH PREJUDICE,** this case from the docket of the Court.

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller El v. Cockrell*, 537 U.S. 322, 336 38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

        ENTER:     June 3, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE